# Richmond

## ROY E. KYLE V. J. LEE COX.

January 13, 1938.

Present, All the Justices.

The opinion states the case.

*John S. Draper* and *John B. Spiers,* for the plaintiff in error.

*Stuart B. Campbell, J. L. Tompkins* and *L. E. Lindsay,* for the defendant in error.

GREGORY, J., delivered the opinion of the court.

J. Lee Cox instituted a proceeding in the court below in the nature of *quo warranto* against Roy E. Kyle. The judgment of the lower court was that Kyle was not entitled to the office of Division Superintendent of Schools of Carroll County for the reason that the election by which he claimed the office was illegal and void. We are called upon to decide as to the correctness of that judgment.

The material facts are not in dispute. The county of Carroll is composed of five magisterial districts. The town

of Galax is situated in both Carroll and Grayson counties. On March 6, 1937, after proper advertisement, the School Board of Carroll County held a meeting in the office of the Superintendent of Schools in Carroll county for the purpose of selecting a Division Superintendent of Schools for that county.

There were five members of the School Board present. They were Mrs. Mary K. Cooley, W. T. Jones, I. L. Worrell, E. A. Kinser and Dixie B. Hawkes. The school district of the town of Galax had been represented on the Carroll County School Board for many years. Mr. H. M. Todd, who was neither a member of the Town Council of Galax nor a member of the School Board of Galax, had been for several years acting as a member of the Carroll County School Board under the authority of the School Board of Galax and exercising all the functions of a member of the county board. Mr. Todd was town manager of Galax and clerk of the town school board. He was not eligible to be a member of the town school board because the charter of Galax provided that only members of the council were eligible to be members. However, Mr. Todd had been instructed by the Council of Galax, "as the member of the Carroll County School Board," to cast his vote for J. Lee Cox at the meeting of March 6th.

At this meeting of the Carroll County School Board three of the members voted for Roy E. Kyle for Division School Superintendent and two members voted for J. Lee Cox. Mr. Todd was told by the chairman of the board that upon the advice of the Attorney General, he was not entitled to vote in the election. He did not vote but stated that if he had been permitted to vote he would have voted for J. Lee Cox.

The school board announced the election of Roy E. Kyle as Division School Superintendent for Carroll county for four years, his term beginning on July 1, 1937. He took the oath of office as required by law.

Later, J. Lee Cox instituted this proceeding against Roy E. Kyle charging that he had not been properly elected to

the office of Division School Superintendent because of the refusal of the school board to allow Mr. Todd to vote in the election.

The court on April 30, 1937, by the order here complained of, held that no legal election for Division Superintendent of Schools had been held; that the election of Roy E. Kyle on March 6, 1937, was invalid and that he "is not the Division Superintendent of Schools elect of Carroll County."

On March 16, 1937, the Galax School Board designated J. H. Brown, one of its members, as a member of the Carroll County School Board. A meeting was held on April 30, 1937, in which Mr. Brown participated, and the election which was held resulted in a tie, three voting for Mr. Kyle and three voting for Mr. Cox.

The State Board of Education was of opinion that a Division Superintendent of Schools had not been selected by the County School Board of Carroll within the time prescribed by law, and on July 24, 1937, it appointed J. Lee Cox as Division Superintendent.

Only one question is presented for our consideration and that is, whether or not Roy E. Kyle was legally elected Division Superintendent of Schools of Carroll county at the meeting held by the school board on March 6, 1937. If he was legally elected at that meeting, he is the Division Superintendent; if he was not, then J. Lee Cox has the office. Thus our inquiry is limited to the legality of the election of March 6, 1937. A determination of the question will involve a consideration of one section of the Constitution of Virginia, the construction of Code, section 653, and sections 57, 58 and 59, of the charter of the town of Galax (Acts 1922, ch. 101, as amended by Acts 1928, ch. 191).

Section 133 of the Constitution of Virginia reads in part as follows:

"The supervision of schools in each county and city shall be vested in a school board, to be composed of trustees to be selected in the manner for the term and to the number provided by law. Each magisterial district shall constitute a separate school district, unless otherwise provided by law,

and the magisterial district shall be the basis of representation on the school board of such county or city, unless some other basis is provided by the general assembly; * * *.

"There shall be appointed by the school board or boards of each school division, one division superintendent of schools, who shall be selected from a list of eligibles certified by the State board of education and shall hold office for four years. In the event that the local board or boards fail to elect a division superintendent within the time prescribed by law, the State board of education shall appoint such division superintendent."

It appears unnecessary to examine the statutes prior to 1922. In that year the General Assembly enacted a statute (Acts 1922, ch. 101, p. 140) providing a new charter for the town of Galax "situate in part in the county of Carroll and in part in the county of Grayson." Section 56 of the charter created the territory embraced within the corporate limits a separate district and unit for school purposes. The language of section 57 of the charter designates the district as the Galax school district of Carroll and Grayson counties and reiterates that the town shall be a separate and distinct unit within itself in so far as the Constitution of Virginia will permit. Section 58 provides that the school district of Galax shall be under the supervision of the superintendent of schools of Grayson or Carroll county, either or both, in the discretion of the State board of education. Section 59 provides that "said school district shall have a board of not more than three trustees, to be elected from the citizens thereof, * * * by the town council * * *."

In 1928, section 59 of the charter was amended by the General Assembly (Acts 1928, ch. 191, p. 627) to read in part as follows: "The town council of the town of Galax shall constitute the school board of said school district * * *." There being six members of the council, the membership of the Galax school board was thus increased to six.

From an examination of the statutes it is perfectly obvious that the town of Galax was, by the express language of the General Assembly, created as a separate school dis-

trict, to be known as the Galax school district of Carroll and Grayson counties and it has remained a separate school district.

By an act of the General Assembly (Acts 1922, ch. 423, pp. 737, 738, section 4), it is provided that district school boards are abolished, "but nothing in this act shall be construed as affecting the administration of the public school system in any city or in any town now constituting, * * * separate school division in pursuance of law." This act also provides that "the trustees of any town constituting a separate school district shall be members of the county school board; provided, however, that such town shall be entitled to only one (1) vote in said county board. * * *." The town of Galax being a separate school district it came within the terms of this act and was continued as a separate school district. The school trustees of Galax were thus made members of the school board of the county (whether of Grayson or Carroll or of both, the statute does not declare) and given the right to cast "one vote in said county board." By the amendment of section 59 of the charter the board of three school trustees was changed, as we have seen, so that the town council of Galax constitutes the school board of Galax.

An examination of subsequent acts of the legislature discloses a radical change. Chapter 423 of the Acts of 1922 above referred to was expressly repealed by the Acts of 1928 (School Code), ch. 471, at page 1203, but this was expressly stated: "For the purpose of representation * * * all special school districts and special town school districts are hereby expressly retained as they exist at the present time * * *."

The General Assembly in 1928 (Acts 1928, ch. 471, p. 1186) revised, consolidated, amended and codified all of the public school laws. The effect of the act was to entirely supersede the school law existing at the time of the passage of the 1928 Act.

In 1930, the General Assembly made other changes (Acts 1930, ch. 412, section 653, at page 885). This language

was used: "For the purpose of representation each magisterial district shall, except where otherwise provided by law, constitute a separate school district, *· * *. All special school districts and special town school districts * * * are hereby expressly abolished, except special town school districts which are located in more than one county, which last mentioned districts are hereby expressly retained as they exist at the present time, provided, however, that *other* (italics supplied) incorporated towns having a population of not less than 1,000 inhabitants, * * * may by ordinance * * * and by and with the approval of the State board of education, be constituted separate school districts either for the purpose of representation on the county school board, or for the purpose of being operated as a separate school district under a town school board of three members, appointed by the town council. In the event that such a town district be set up, to be operated by a board of three members, *the members of such board shall be appointed in accordance with section seven hundred and eighty of the Code * * *,* one shall be designated by the town school board as a member of the county school board * * *."

It is manifest that the General Assembly by this act was considering two classes of towns which might have been or might in the future be created into separate or special school districts. First, towns which were situated in more than one county and which had already been created as special school districts; and, second, other incorporated towns having a population of 1,000 or more inhabitants which desired, at some future time, to be made special school districts. The former were expressly retained as they existed, and the latter might be created under certain conditions and if created by ordinance with the approval of the State board it would operate under a board of three, one of whom might be a member of the county school board. The town of Galax met the conditions of the former.

In 1932 (Acts 1932, ch. 117, p. 126, section 653) other changes were effected but no change was made in regard to towns which were separate school districts and situated

in more than one county. As to such towns the school districts were expressly retained as they had previously existed.

The Act of 1936 (Acts 1936, ch. 314, pp. 502, 503, section 653), carried other changes. It provided in part that "For the purpose of representation each magisterial district shall, except where otherwise provided by law, constitute a separate school district * * *. All special school districts * * * are hereby expressly abolished, except special town school districts which are located in more than one county, which last mentioned districts are hereby expressly retained as they exist at the present time; * * *." Provision is also made, just as in 1930 and 1932 for (other) incorporated towns of 1,000 or more inhabitants to set up by ordinance a board of three members, one of whom may be a member of the county school board.

This act also recognized a difference in towns which constitute separate school districts situated in more than one county and other incorporated towns of 1,000 inhabitants. We have already shown that Galax is of the former class and its separate school district has been retained as such through all of the statutes down to the present time. The latter provision of the act has no application to Galax. It does not have a board of three nor does its school board designate one of its members as a member of the county school board. It was created long before that portion of the act was enacted. If chapter 423 of the Acts of 1922 had not been repealed in 1928 the members of the school board of Galax would have been members of the county board, but entitled to cast only one vote "in said county board." This would necessarily have been true because the special school district of Galax has been retained as it existed. But it was not retained for the purpose of representation on the board of Carroll or Grayson or both. When the legislature by the act of 1928 (School Code, Acts 1928, ch. 471) expressly repealed chapter 423 of the Acts of 1922, the school trustees or school board of towns situated in more than one county lost their representation on any county school board.

It is true the subsequent acts of 1930, 1932 and 1936 provide for the continuance of special school districts which may have been formed in towns situated in more than one county for other purposes, yet nowhere has the General Assembly provided a means for the exercise of representation by such school districts on county boards. If the school district of Galax should have representation upon the school board of Carroll county, how much representation should it have? Would it be entitled to one vote or six votes on the county board? Would it be also entitled to representation on the Grayson county board? No act of the General Assembly answers these queries.

Adverting to section 133 of the Constitution it is seen that each magisterial district shall constitute a school district and the magisterial district shall be the basis of representation on the school board unless some other basis is provided by the General Assembly. The only other basis of representation provided by the General Assembly for towns was that found in chapter 423 of the Acts of 1922 at page 738. But as we have already indicated this act was repealed by the School Code of 1928, and since that time, unless a town of more than 1,000 inhabitants sets up by ordinance under the present Code, section 653, with the approval of the State board of education, a separate school district with three members, one of whom may be a member of the county board, such town has no representation on the county board. However, as to towns situated in more than one county there is no provision for representation now.

It was provided in section 58 of the charter of Galax (Acts 1922, ch. 101, p. 151) that the school district of Galax should be under the supervision of the superintendent of schools of Grayson or Carroll county, either or both, in the discretion of the State board of education. The record is silent as to which county the school district of Galax would belong other than that the charter provides that it shall be known as the Galax school district of Carroll and Grayson counties. The State board of education has exercised no

discretion and has failed to designate which division superintendent shall have supervision over the district. The record shows that the school district through its representative has participated in the meetings of the school boards of both Grayson and Carroll counties. It also shows that the superintendent of schools of Grayson has largely and almost exclusively supervised the Galax district.

We have been referred to no statute and after a careful examination we have found no statute which gives the Galax school district the right to representation, participation or a vote in the meetings of the Carroll County School Board. This court has not the power or jurisdiction to grant the representatives of the Galax school district the right to vote in the meetings of the Carroll County School Board or the meetings of the Grayson board "either or both." The legislature has not prescribed such representation for it, and has not provided the means of representation by specifying how the representative or representatives shall be chosen, nor, if he or they could be legally chosen, how many votes he or they might have in the meetings of the boards of Carroll and Grayson "either or both."

Our conclusion is that inasmuch as the General Assembly has made no provision for the Galax school district to have representation upon the school board of Carroll county, Mr. Todd was not entitled to vote at the meeting of March 6, 1937. No such office as representative of the Galax school district upon the School Board of Carroll County having been created, Mr. Todd could not act as a *de facto* officer and assume to perform functions of an office that never existed.

Counsel for Mr. Cox invoke Rule XXII of the Court. They contend that Mr. Kyle has no right now to take the position that the Galax school district is not entitled to representation on the Carroll County School Board because in the answer filed by the School Board of Carroll in the mandamus proceeding brought by the Galax school district and adopted by Kyle in the present proceeding, so far as applicable, it was conceded that such representation was au-

thorized and that the Galax school district was entitled to designate one of its members as a member of the Carroll board.

We find that assignment of error Number 2 in the present petition clearly challenges the right of the Galax school district to any representation on the Carroll School Board. This assignment is evidently based on bill of exception Number 5, in which it is stated that the court held that the school district of Galax "had a right to a member of the school board of Carroll county to vote in the elections and affairs of the School Board of Carroll County, to which action and of the court the defendant and petitioner excepts and tenders this his bill of exceptions Number 5, etc." This discloses that the question was passed upon by the trial court adversely to Kyle and he excepted to the ruling.

The answer in the mandamus case which was adopted, no doubt for convenience, in the present case, was adopted only so far as applicable. While it is true that in that answer it was conceded that the Galax school district was entitled to representation on the Carroll board, the answer was to a petition for mandamus between entirely different parties from those in the present litigation and having been adopted "so far as applicable" and the concession in the answer being at variance with the fact stated in bill of exception Number 5 and assignment of error Number 2, we do not think Rule XXII precludes this court from deciding the question, which is in reality the gist of the case.

It is suggested that the petition in the mandamus case is a necessary part of the record in the present one and that it should have been copied in the record. We think there is no merit in the suggestion. The petition in the present case was adequate and sufficiently stated a case even if clause 8 thereof, which adopts the petition for mandamus as a part of the petition in the present case, had been eliminated.

We have considered the motion to dismiss this appeal upon the grounds stated and are of the opinion that the motion is without merit and should be overruled.

We are of opinion that the election held on March 6, 1937, was valid and that Roy E. Kyle was then legally elected as Division School Superintendent of Carroll County. The judgment is reversed and final judgment will be entered here.

*Reversed.*